# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cr-20281-COOKE

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KALVIN LASHAN ROLLINS,

    Defendant.

_____/

## DETENTION ORDER

THIS CAUSE came before the Court for a probable cause and detention hearing on October 5, 2022, pursuant to Federal Rule of Criminal Procedure 32.1, to determine whether there is probable cause to believe Defendant, Kalvin Lashan Rollins ("Rollins"), violated his supervised release and whether he should be detained pending his final revocation hearing. The United States has requested that Defendant be detained based upon danger to the community and risk of flight.

THE COURT has considered the factors enumerated in 18 U.S.C. § 3142(g), heard from the parties, their counsel, and the United States Probation Officer at the October 5, 2022, hearing, and is otherwise fully advised in the premises. For the reasons that follow, this Court finds probable cause supported by the evidence presented regarding Defendant's violation of supervised release. Additionally, this Court finds that no condition or combination of conditions will reasonably assure Defendant's appearance at trial or the safety of the community, and, therefore, Defendant shall be detained until the conclusion of his revocation hearing.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

## I.   FINDINGS OF FACT

### A.   *Underlying Offense*

In October 2017, Defendant pled guilty to the original offense in Count 1 of the Indictment which charged him with conspiracy to import into the United States five kilograms or more of a detectable amount of cocaine, in violation of 21 U.S.C. § 963. Defendant was sentenced to 120 months' imprisonment followed by five years of supervised release. *See* ECF No. 88. On April 28, 2021, the Court reduced Defendant's sentence to time served under the First Step Act and ordered Defendant be released and placed on home confinement with electronic monitoring and reside at the home of Danielle Linton, Defendant's former girlfriend. *See* ECF No. 117. Defendant commenced his supervised release on May 10, 2021.

### B.   *Nature and Circumstances of the Supervision Violation*

On July 22, 2022, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision alleging that Defendant had violated the conditions of his supervised release by committing another federal, state, or local crime. *See* ECF No. 128. Specifically, the Amended Petition alleged that on July 6, 2022, Defendant was arrested by the Miami-Dade Police Department and charged with one count of Misdemeanor Battery, contrary to Florida Statute Section 784.03. *Id.*

### C.   *Weight of the Evidence*

The weight of the government's evidence is substantial despite the victim of the alleged battery having recanted. Based on the government's proffer presented at the hearing,

Defendant was residing with Ms. Linton. On July 6, 2022, Miami Dade Police Department ("MDPD") officers were dispatched to Ms. Linton's residence in reference to a battery. Upon the MDPD officers' arrival, Ms. Linton reported that she had a verbal altercation with Defendant about household items while in the bedroom with their daughter present. Ms. Linton explained that Defendant became upset during the dispute and hit her across the head with a closed fist.

The government proffered the following evidence at the detention hearing: (1) the victim in this case gave a signed, written statement describing the battery, which included Defendant punching her in the head; (2) Defendant's minor daughter was present during the incident and when police arrived on scene she was crying and made a statement to officers that she was crying because she saw her father hit her mother in the head; (3) Officers were wearing body cameras when the minor daughter made this statement; and (4) there is a recorded 911 call in which the victim is upset and, among other things, yells out that she is tired of the Defendant putting his hands on her.

Having considered the evidence presented at the hearing, this Court finds there is probable cause to believe that Defendant violated his supervised release by committing another federal, state, or local crime.

D.     *History and Characteristics of the Defendant*

Defendant's history and characteristics support detention based on risk of nonappearance and danger to the community.[1] Defendant has a history of violent and

---

[1] The Court takes judicial notice of the Presentence Investigation Report.

3

narcotics-related crimes and convictions, including crimes involving firearms. Defendant's criminal history also includes multiple incidents of probation or supervision violations or other failures to cooperate with law enforcement and other authorities. The Court also notes that when Defendant was arrested for the underlying federal offense in this case, he was on state probation.

## II.     REASONS FOR DETENTION

Defendant is charged with violating his supervised release, therefore, under Rule 32.1, Defendant bears the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or the community.

At the hearing, Defendant's counsel proffered that Defendant could be released on bond to reside with his brother at a house jointly owned by Defendant and his brother. However, this proposed arrangement remains uncertain as the Probation Officer represented to the Court that the house is undergoing repairs and, at the time of the hearing, was an empty structure. Defendant's brother was not available to shed further light on the circumstances involving the residence.

Considering the circumstances surrounding Defendant's arrest and alleged violation, for which I find probable cause supported by the evidence presented, the weight of the evidence against Defendant, his prior criminal history, and history of non-compliance with law enforcement or supervision, as well as the uncertainty involving his proposed residence, this Court finds that Defendant has failed to show by clear and convincing evidence that there are any conditions of release which the Court can set that will reasonably assure that

4

Defendant is not likely to pose a danger to the safety of any other person or the community and that will reasonably assure his appearance as required.

Accordingly, Defendant must be detained pending his final revocation hearing in this matter.

### III.   CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that Defendant, Kalvin Lashan Rollins, is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for the purpose of court appearances.

Although this written order is executed on this 14th day of October, the Court announced its decision regarding detention as to Defendant on the record at the detention hearing held October 5, 2022, and, thus, this Order is effective as of October 5, 2022.

**DONE and ORDERED** in Chambers at Miami, Florida, this 14th day of October 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Pretrial Services (Miami)